I will give no judicial opinion, having preferred this indictment whilst Attorney-General. Were I to give one, I should not hesitate to decide against the objection. He might have taken his *Page 101 
exception to the juror before he was sworn; that is the time the law appoints for him to take it; and in this, as in all other cases, when the objection is not made at the appointed time, and the parties proceed to other stages, which in point of order are posterior, they can never afterwards be allowed to recur to the advantage they have passed; as if a defendant pleads in disability of the plaintiff, he admits the jurisdiction of the court; if he pleads to the court, he admits the ability of the plaintiff; if he pleads to the writ, he admits the form of the court to be good; if he pleads in bar, he waives all pleas in abatement; if he is to plead to a sci. fa., he cannot defend himself by any matter of defense he might have used in the first action. So it is with respect to challenges. If the party will not take his challenge before he is sworn, he can never afterwards challenge for a cause existing before he was sworn. Vide Trialsper pais, 142, 145; 3 Burr., 1858. Were a defendant allowed to take his challenge to the jurors after the trial, he never would do it before, but would always rather depend upon moving it to the court after trial; for if he should be acquitted, he would say nothing about the disqualification of the juror; and, if convicted, he could avoid judgment by offering his objection. This, in fact, would be placing him in a situation totally exempt from danger and from punishment, so long as he could get a juror sworn against whom he could offer any (142) legal objection, and would give him the additional advantage of several chances for his acquittal. There is a case in Leach which comes nearly enough to the present to show the principle I have spoken of. There the officer that returned the jury was the prosecutor of the indictment, and consequently the whole array was liable to be quashed had the defendant made the objection at the proper time. He, however, put himself upon his trial without taking the exception, and was convicted. He then offered to take the exception, but the Court held it then too late to take it, and overruled the exception.
The cause was adjourned for further consideration. See 5 Bac. Ab., 245;7 Mo., 54; Holt, 235.
NOTE BY REPORTER. — This motion came on at a subsequent term before Judge ASHE and Judge MACAY, and they disallowed the exception, but delayed giving judgment for another cause; and at September Term, 1796, the cause being tried, in which the perjury was alleged to have been committed, before Judge WILLIAMS and Judge HAYWOOD, and they being of opinion, from the oaths of several witnesses, sworn on that trial, concurring in the same fact that Greenwood had formerly sworn to in the trial of the same cause in the County Court, that probably it was not falsely sworn by him, they thought this might be a proper cause for a new trial, and granted a new trial accordingly on that ground. *Page 102 
NOTE. — The objection with respect to the juror, would have been a good one if taken at the proper time. Sheepshanks v. Jones, 9 N.C. 211. But after the verdict it is too late. S. v. McEntire, 4 N.C. 267; S. v.Ward, 9 N.C. 443.
Cited: S. v. Lambert, 93 N.C. 624.